UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:

PATRISHA S. OSBORNE and GEORGE R. OSBORNE,

                              Debtors.
-----------------------------------------------------------------------x    **OPINION AND ORDER**
PATRISHA S. OSBORNE and GEORGE R. OSBORNE,

                            Appellants,                13-CV-8211 (CS)

       - against -

MARK S. TULIS, as Chapter 7 Trustee for Patrisha S.
Osborne and George R. Osborne,

                            Appellee.
-----------------------------------------------------------------------x

Appearances:

Patrisha S. Osborne
George R. Osborne
Elizaville, New York
*Debtors-Appellants Pro Se*

Stuart E. Kahan
Oxman Tulis Kirkpatrick Whyatt & Geiger LLP
White Plains, New York
*Counsel for Appellee*

Seibel, J.

       Before the Court is the appeal of Debtors Patrisha and George Osborne from the Bankruptcy Court's October 3, 2013 Memorandum Decision and October 9, 2013 Order approving the Trustee's settlement of a legal malpractice claim on behalf of the estate. For the reasons set forth below, the appeal is DISMISSED.

## I. BACKGROUND

Debtors-Appellants Patrisha and George Osborne owned a large plot of land in Dutchess County, which they used as a residence and to operate a facility for the training and boarding of horses. (Appellants' Br. 4.)[1] After Appellants defaulted on several mortgage loans, a foreclosure judgment was obtained with respect to the property. (Doc. 9 Ex. Z, 11-BK-38122 Doc. 102, ¶¶ 11-13.)[2] On August 30, 2010, while their appeal of the foreclosure judgment was pending in state court, Appellants filed a joint *pro se* Chapter 11 bankruptcy petition in the Southern District of New York. (Appellee's Br. 4; *see* 10-BK-37606 Doc. 1.)[3] That case was eventually dismissed with Appellants' consent for failure to file a reorganization plan. (*See* 10-BK-37606 Docs. 36, 38.) On August 8, 2011, just two days before the foreclosure sale was scheduled, Patrisha Osborne filed another Chapter 11 petition – this time represented by the law firm of Genova & Malin – with the hope of staying the foreclosure sale and finding a "white knight" that would allow her to reorganize and save the property and business. (Appellants' Br. 5; Appellee's Br. 4-5, *see* 11-BK-37271 Doc. 1.)[4]

On September 20, 2011, the Bankruptcy Court denied Ms. Osborne's motion to extend the automatic bankruptcy stay (which was limited to 30 days by operation of 11 U.S.C § 362(c)(3) due to her recent previous bankruptcy filing), and the state foreclosure proceedings resumed. (Appellants' Br. 5; *see* Doc. 9 Ex. N, 11-BK-37271 Doc. 28 (Sept. 20, 2011 hearing

---

[1] "Appellants' Br." refers to Brief on Appeal to U.S. District Court From Order of Bankruptcy Court Granting Motion to Approve Settlement. (Doc. 8.)

[2] Citations to "11-BK-38122" refer to the docket in Appellants' 2011 joint Chapter 7 bankruptcy case. *See In re Patrisha S. Osborne & George R. Osborne*, No. 11-38122 (Bankr. S.D.N.Y. filed Nov. 9, 2011).

[3] "Appellee's Br." refers to Brief of Appellee Mark S. Tulis, as Chapter 7 Trustee for Patrisha S. Osborne and George R. Osborne Seeking Affirmance of the Order of Chief United States Bankruptcy Judge Cecilia G. Morris Filed on October 9, 2013. (Doc. 11.) Citations to "10-BK-37606" refer to the docket in Appellants' 2010 joint Chapter 11 bankruptcy case. *See In re Patrisha S. Osborne & George R. Osborne*, No. 10-37606 (Bankr. S.D.N.Y. filed Aug. 30, 2010).

[4] Citations to "11-BK-37271" refer to the docket in Appellant Patrisha Osborne's 2011 Chapter 11 bankruptcy case. *See In re Patrisha S. Osborne*, No. 11-37271 (Bankr. S.D.N.Y. filed Aug. 8, 2011).

transcript), at 30.)  Ms. Osborne terminated Genova & Malin from representing her and subsequently moved to voluntarily terminate the Chapter 11 proceedings.  (11-BK-37271 Docs. 33, 37.)  The Bankruptcy Court granted her motion, and the case was dismissed on December 16, 2011.  (11-BK-37271 Doc. 42.)  Meanwhile, on November 9, 2011, Appellants – again proceeding *pro se* – filed a joint Chapter 7 petition seeking a full discharge.  (Appellants' Br. 5 n.13; Appellee's Br. 7-8; *see* Doc. 9 Ex. O, 11-BK-38122 Doc. 1.)  After the property was finally sold at a foreclosure sale in January 2012, Appellants received their discharges on March 8, 2012 and the Chapter 7 case was closed.  (Appellants' Br. 5; Appellee's Br. 8.)

In September 2012, Ms. Osborne filed a legal malpractice action in state court against Genova & Malin seeking $5 million in damages, based upon the firm's representation of her in the 2011 Chapter 11 proceedings.  (Appellants' Br. 5; Appellee's Br. 8-10; *see* Doc. 9 Ex. P (malpractice complaint).)  Upon learning of the malpractice action, the Chapter 7 Trustee moved to reopen the bankruptcy proceedings, arguing that the cause of action for malpractice arose pre-petition (*i.e.*, before the joint Chapter 7 case was initiated on November 9, 2011) and was therefore an undisclosed asset of the estate.  (Appellants' Br. 6; Appellee's Br. 8-10.)  The Bankruptcy Court agreed and reopened the case on December 13, 2012, (Doc. 9 Ex. B, 11-BK-38122 Docs. 35-36), and that decision was subsequently affirmed by the Honorable Vincent L. Briccetti of this Court after Debtors appealed, (13-CV-2803 Doc. 22).

In August 2013, the Trustee filed a motion pursuant to Bankruptcy Rule 9019 for approval of the settlement of the malpractice claim against Genova & Malin for $50,000.  (Appellee's Br. 11-12; *see* Doc. 9 Exs. H, V, 11-BK-38122 Doc. 94.)  Debtors opposed the motion and cross-moved for dismissal of the Chapter 7 proceedings in their entirety, arguing that the proposed settlement grossly undervalued the claim and was part of a conspiracy between the

3

Trustee and Genova & Malin.  (Doc. 9 Ex. Z, 11-BK-38122 Doc. 102.)  A hearing was held on October 1, 2013, and the Bankruptcy Court thereafter issued a memorandum decision (dated October 3, 2013) and order (dated October 9, 2013) granting the Trustee's motion and denying Debtors' cross-motion, holding that Debtors did not have standing to oppose the settlement and finding the settlement fair and reasonable.  (Doc. 9 Exs. F, G, 11-BK-38122 Docs. 106 (decision), 114 (order), 117 (Oct. 1, 2013 hearing transcript).)  Debtors now appeal from that decision.

## II.  DISCUSSION

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court.  A district court reviews a bankruptcy court's findings of fact for clear error and reviews its legal conclusions *de novo*.  *Overbaugh v. Household Bank N.A. (In re Overbaugh)*, 559 F.3d 125, 129 (2d Cir. 2009); *see* Fed. R. Bankr. P. 8013.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (internal quotation marks omitted).  A bankruptcy court's decision approving a settlement under Bankruptcy Rule 9019 is reviewed for abuse of discretion.  *Krys v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*, 505 F.3d 109, 116 (2d Cir. 2007).  The Court is mindful of its obligation to liberally construe submissions of a *pro se* litigant and to interpret them "to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*) (internal

quotation marks omitted).[5]

In its October 3, 2013 memorandum decision, the Bankruptcy Court concluded that: (1) Appellants lacked standing to oppose the Trustee's motion to approve the settlement, because they failed to demonstrate that a surplus could exist after the bankruptcy proceedings concluded; and (2) the settlement was a fair and reasonable compromise of the malpractice claim in light of the Trustee's business judgment that the claim was significantly flawed. (Doc. 9 Ex. F, 11-BK-38122 Doc. 106.) On appeal, Appellants argue that the $50,000 settlement negotiated by the Trustee is unreasonably low and that the Bankruptcy Court grossly undervalued the malpractice claim. (Appellants' Br. 13-25.) Appellants claim that the trustee failed to investigate and appraise the malpractice claim in good faith, and that the Bankruptcy Court failed to undertake its own analysis of the fairness of the settlement, instead merely "rubber stamping" the trustee's request for approval. (*Id.* at 7-11.) In response, Appellee argues that Appellants lack standing to file the instant appeal, and that in any event the Bankruptcy Court's memorandum decision was correct in all respects. (Appellee's Br. 12-14, 16-24.)

Standing is a threshold question in every federal case that determines the power of the court to hear the suit. *See Leibovitz v. N.Y.C. Transit Auth.*, 252 F.3d 179, 184 (2d Cir. 2001); *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387-88 (2d Cir. 1997). In addition to the requirements imposed by Article III of the Constitution, an appellant in a bankruptcy case must be "a person aggrieved – a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *DISH Network Corp. v. DBSD N. Am., Inc. (In re DBSD N. Am., Inc.)*, 634 F.3d 79, 89 (2d Cir. 2011) (internal quotation marks

---

[5] It appears that Mr. Osborne is a former attorney who resigned from the bar in 2005 for disciplinary reasons. *See In re George R. Osborne*, 790 N.Y.S.2d 601 (App. Div. 2005). Thus, it is not clear that he is entitled to the special solicitude afforded to *pro se* litigants. *See Presnick v. Bysiewicz*, 297 F. Supp. 2d 431, 433 (D. Conn. 2003) ("[A] former attorney[] is not entitled to the considerations accorded a typical *pro se* plaintiff."). Nevertheless, out of an abundance of caution, I will treat Mr. Osborne as a *pro se* litigant.

omitted).  The appellant bears the burden of demonstrating standing, and the "aggrieved person" standard "requires that an appellant show both 'injury in fact' under Article III, and that the injury suffered is direct and financial."  *Sumpter v. DPH Holdings Corp. (In re DPH Holdings Corp.)*, 468 B.R. 603, 612 (S.D.N.Y. 2012).  "This test is stricter than Article III's 'injury in fact' test, and its stringency is rooted in a concern that freely granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters."  *Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238, 242 (2d Cir. 2013) (internal quotation marks and alteration omitted); *see Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 273 (2d Cir. 1997) ("This [rule] reflects the understandable concern that if appellate standing is not limited, bankruptcy litigation will become mired in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order.") (internal quotation marks and alteration omitted).

"It is well-established that a Chapter 7 debtor is a 'party in interest' and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid" that would revest in the debtor under 11 U.S.C. § 726(a)(6) when the bankruptcy concludes.  *60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities, Inc.)*, 218 F.3d 109, 115 (2d Cir. 2000); *see Hope 7 Monroe St. Ltd. P'ship v. Riaso, LLC (In re Hope 7 Monroe St. Ltd. P'ship)*, 743 F.3d 867, 871 (D.C. Cir. 2014) (Chapter 7 debtors "generally lack standing because bankruptcy proceedings absolve the debtor of any liability to creditors and the debtor has no interest in the distribution of the estate's property since the property has passed to the trustee.").  This observation is "based on the assumption that the success of the debtor's objection cannot affect him because the debtor

receives a distribution only after all creditors have been paid in full, and an estate will rarely have enough assets to do even that." *Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124, 127 (S.D.N.Y. 2011) (internal quotation marks and alterations omitted).  Accordingly, to establish standing to object to disposition of the assets of the estate – including the settlement of a cause of action belonging to the estate – or to appeal from an order approving the same, the debtor bears the burden of showing a "reasonable possibility" that a surplus will exist at the conclusion of bankruptcy proceedings.  *See In re 60 E. 80th St. Equities, Inc.*, 218 F.3d at 116; *Desormes v. Charlotte Sch. of Law (In re Desormes)*, 497 B.R. 390, 395-96 (D. Conn. 2013); *Burgos v. Pergament*, No. 11-CV-5257, 2012 WL 3929953, at *6-7 (E.D.N.Y. Sept. 10, 2012); *Pascazi*, 445 B.R. at 127-28.

      Whether Appellants here have standing to bring the instant appeal turns on whether there is a reasonable possibility that the expected value of the malpractice claim (the estate's only asset) exceeds the total owed to creditors by the estate ($128,643.51, *see* Doc. 9 Ex. F, 11-BK-38122 Doc. 106, at 3), thus creating a surplus that would revest in Appellants.  In some sense, then, the standing question collapses into one important aspect of the merits of the appeal:  both questions require an objective evaluation of the expected value of the legal malpractice claim against Genova & Malin.  For substantially the reasons stated by Appellee in his submissions both in this Court, (Appellee's Br. 13-14, 17-21), and below, (Doc. 9 Exs. H, I, V, 11-BK-38122 Docs. 94, 103), I find that there are significant problems with the malpractice claim which render it entirely unlikely that prosecution of the claim would ever create a surplus in the estate.

      Under New York law, to prevail on a legal malpractice claim, a plaintiff "must demonstrate that the attorney was negligent, that the negligence was a proximate cause of the injury and that she suffered actual and ascertainable damages." *Rubens v. Mason*, 527 F.3d 252,

254-55 (2d Cir. 2008) (internal quotation marks omitted).  New York adheres to the "case within a case" approach, *see id.* at 255, in that "[t]o establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence," *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 (2007).  Accordingly, if the plaintiff's success in the underlying action cannot be determined "without resorting to gross speculations on future events, then [the] malpractice claim fails as a matter of law."  *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 120 (2d Cir. 2002); *see Schutz v. Kagan Lubic Lepper Finkelstein & Gold LLP*, 552 F. App'x 79, 80 (2d Cir. 2014) (summary order) ("[W]hile the [plaintiffs] conclusorily allege that they would have obtained a better result 'but for' the defendants' alleged . . . professional lapses, such bald speculation cannot support a claim to actual damages. . . .  [T]he [plaintiffs] have failed plausibly to plead actionable attorney negligence, proximate causation, or actual damages."); *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 118 (2d Cir. 2005) (legal malpractice claim fails as a matter of law where allegation that plaintiff would have obtained a more favorable outcome was based on "pure speculation").

Regardless of whether Genova & Malin exhibited any professional negligence (a question which I need not reach),[6] it is clear that Appellants' claim for malpractice fails to demonstrate proximate causation of the damages they claim – loss of their business, property, and future income.  To connect Genova & Malin's performance on the motion to extend the stay to Appellants' losses, Appellants would have had to show a reasonable likelihood that but for counsel's negligence, (1) the Bankruptcy Court would have granted to motion to extend the stay,

---

[6] It appears to the Court, however, that Genova & Malin's motion to extend the stay failed because of:  (1) false or misleading representations or omissions by Appellants in their joint Chapter 11 case (which statements were made before Genova & Malin was involved); and (2) Patrisha Osborne's testimony that almost all of the increased revenue Appellants claimed was eaten up by expenses, leaving not nearly enough for any realistic plan of reorganization (which testimony counsel would likewise not control).  (*See* Doc. 9 Ex. N, 11-BK-37271 Doc. 28 (Sept. 20, 2011 motion to reopen hearing transcript).)

8

thereby further delaying implementation of the foreclosure judgment; (2) Appellants would have been able to timely create, and obtain Court approval of, a reorganization plan; and (3) Appellants would have successfully implemented the reorganization plan without any further defaults over the course of the next several years (without, for example, any decline in business). I have examined all the materials submitted by Appellants, and I am not convinced that Appellants' belief that this chain of events would have occurred rests on anything but bald speculation as to future events – particularly in light of Appellants' previous failed attempts at reorganizing. The malpractice claim would therefore likely fail as a matter of law, rendering it of little actual value to the estate. The fact that Appellants allege damages in excess of $5 million is of little relevance if the claim would be unsuccessful.

Accordingly, Appellants have not shown a reasonable possibility that a surplus would exist in the estate were the Bankruptcy Court to have rejected the Trustee's proposed settlement, and Appellants thus have no standing to object to that Court's approval of the settlement or to bring the instant appeal. In any event, were I to reach the merits of the appeal, I would affirm the Bankruptcy Court's decision for substantially the reasons stated therein and in Appellee's briefs in this Court and below.[7]

---

[7] I briefly note that most of Appellants' contentions both here and below involve allegations of a corrupt conspiracy among the Bankruptcy Judge, various Trustees in both the Southern and Northern Districts of New York, and Genova & Malin in connection with protecting that firm from the malpractice suit. Appellants present absolutely no evidence to support such allegations. To the extent Appellants argue that the Bankruptcy Court failed to undertake its own analysis and that the Trustee failed to properly investigate the claim before agreeing to the settlement, those arguments are directly contradicted by the October 3, 2013 decision, (Doc. 9 Ex. F, 11-BK-38122 Doc. 106), the Trustee's submissions to the Bankruptcy Court, (Doc. 9 Exs. H, I, V, 11-BK-38122 Docs. 94, 103), and his representations to the Court at the October 1, 2013 hearing, (11-BK-38122 Doc. 117). Finally, given the deference which may be given to the Trustee's business judgment as to the value of the malpractice claim, *see Bildirici v. Kittay (In re E. 44th Realty, LLC)*, No. 07-CV-8799, 2008 WL 217103, at *8-11 (S.D.N.Y. Jan. 23, 2008), that a settlement "will pass muster provided it does not fall below the lowest point in the range of reasonableness," *In re Mrs. Weinberg's Kosher Foods, Inc.*, 278 B.R. 358, 361 (Bankr. S.D.N.Y. 2002) (internal quotation marks omitted), and the substantive problems with the claim as described above, a $50,000 recovery for the benefit of the estate's creditors strikes the Court as not just an acceptable outcome, but, in the circumstances, an auspicious one.

### III. <u>CONCLUSION</u>

In conclusion, I find that Appellants do not have standing to appeal from the Bankruptcy Court's approval of the Trustee's settlement of the malpractice claim on behalf of the estate. I have considered all of Appellants' arguments and find them to be without merit. Accordingly, the appeal is DISMISSED. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: June 17, 2014
       White Plains, New York

                                                    CATHY SEIBEL, U.S.D.J.